UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK
-----------------------------------------------------
In re
      LEONARD P. and BRIGET M. GIRDLESTONE,      13-13398 B

                                         Debtors      <u>DECISION & ORDER</u>
-----------------------------------------------------
D'YOUVILLE COLLEGE,

              Plaintiff

    v.                                                AP 14-1019 B

BRIGET M. GIRDLESTONE,

              Defendant
-----------------------------------------------------

                        R. Thomas Burgasser, PLLC
                        R. Thomas Burgasser, Esq., of counsel
                        825 Payne Avenue
                        North Tonawanda, New York 14120
                        Attorney for the Plaintiff

                        Jeffrey Freedman Attorneys at Law
                        Kevin J. Bambury, Esq., of counsel
                        3445 Winton Place, Suite 202
                        Rochester, New York 14623
                        Attorneys for the Defendant

Bucki, U.S.B.J.

      In *Cazenovia College v. Renshaw (In re Renshaw)*, 222 F.3d 82 (2d Cir. 2000), the Court of Appeals held that the mere obligation to pay tuition does not constitute a loan that is non-dischargeable under the Bankruptcy Code. The present adversary proceeding now presents the question of whether a different result must follow from the amendments to 11 U.S.C. § 523(a)(8) that Congress adopted in 2005.

      During the fall of 1995 and the spring of 1996, Briget Kendziora was enrolled as a student at D'Youville College in Buffalo, New York. Upon registering for class, she signed documents acknowledging a liability to pay tuition. However, she did not execute a note and did not receive any cash distributions. Ms. Kendziora did not return to D'Youville after the spring semester of 1996 and never graduated from that college. She

is now married and has assumed the name of Briget Girdlestone.  In May of 2010, D'Youville College obtained a judgment against Mrs. Girdlestone for the sum of $14,050.50.  Then on December 31, 2013, Leonard and Briget Girdlestone filed a joint petition for relief under Chapter 7 of the Bankruptcy Code.  In schedules filed with their bankruptcy petition, the Girdlestones acknowledge Briget's liability for the amount due to D'Youville under the outstanding judgment.

In the present adversary proceeding, D'Youville College seeks a declaration that the liability of Briget Girdlestone is a non-dischargeable obligation under 11 U.S.C. § 523(a)(8).  Asserting the absence of any factual issues, the parties have cross moved for summary judgment.

Section 523(a) of the Bankruptcy Code identifies the various obligations which are not dischargeable in bankruptcy.  In particular, subsection (a)(8) generally prohibits the discharge of educational loans that are made, insured or guaranteed by the government, or that are made under any program funded by the government or any nonprofit institution.  However, the Bankruptcy Code does not define the word "loan."  As a consequence, judges have expressed divergent views with regard to its meaning and with regard to the issue of whether the non-payment of tuition makes for the existence of a loan for purposes of the statute.  *See Institute of Imaginal Studies v. Christoff (In re Christoff)*, 510 B.R. 876 (Bankr. N.D. Cal. 2014)(reviewing the conflicting decisions on these issues).  In the Second Circuit, however, we are bound to give due recognition to the authority of *Cazenovia College v. Renshaw.*

*Cazenovia College v. Renshaw* involved claims by two colleges that obligations for unpaid tuition should be deemed non-dischargeable under 11 U.S.C. § 523(a)(8).[1]

---

[1] Pursuant to the then applicable text of section 523(a)(8), subject to exceptions not here at issue, a discharge under Chapter 7 did not discharge an individual debtor from any debt "for an educational benefit overpayment or loan made, insured, or guaranteed by a governmental unit, or made under any program funded in whole or in part by a governmental unit or nonprofit institution, or for an obligation to repay funds received as a education benefit, scholarship, or stipend . . . ." 11 U.S.C. §523(a)(8)(1994).

In particular, the court addressed the issue of whether the indebtedness was an "educational loan" that would be exempt from discharge: "To constitute a loan there must be (i) a contract, whereby (ii) one party transfers a defined quantity of money, goods, or services, to another, and (iii) the other party agrees to pay for the sum or items transferred at a later date." 222 F.3d at 88. Thus, a loan does not occur merely because students "unilaterally decided not to pay tuition when it came due." *Id.* Rather, a loan relationship would require that the colleges enter "into an agreement to extend credit to its student or to permit the student to attend classes in return for a payment of tuition at a future date." *Id.* Holding that exceptions to discharge must be narrowly construed, the Court concluded "that the colleges in the two appeals before us failed to prove that the transactions between them and the debtors constituted educational loans excepted from discharge in bankruptcy." *Id.* at 90.

In the present instance, D'Youville College has submitted no better evidence of a loan relationship, as opposed to the existence of a mere receivable. Mrs. Girdlestone never executed a promissory note and she did not receive any advance of cash proceeds. At most, she signed documents that served only as an acknowledgment of indebtedness. Thus, under the standard of *Cazenovia College v. Renshaw*, D'Youville College holds not the status of a lender, but only the rights of an unpaid provider of educational services.

In 2005, Congress enacted the Bankruptcy Abuse Prevention and Consumer Protection Act, Pub. L. No. 109–8, 119 Stat. 23 (2005) (codified as amended throughout 11 U.S.C. and scattered sections of 18 U.S.C. and 28 U.S.C.). By reason of this statute, section 523(a) of the Bankruptcy Code was amended to read as follows:

> A discharge under section 727 . . . of this title does not discharge an individual debtor from any debt – . . . (8) unless excepting such debt from discharge under this paragraph would impose an undue hardship on the debtor and the debtor's dependents, for –
>     (A)(i) an educational benefit overpayment or loan made, insured, or guaranteed by a governmental unit, or made under any

> program funded in whole or in part by a governmental unit or nonprofit institution; or (ii) an obligation to repay funds received as an educational benefit, scholarship, or stipend; or (B) any other educational loan that is a qualified education loan, as defined in section 221(d)(1) of the Internal Revenue Code of 1986, incurred by a debtor who is an individual.

The question now at issue is whether the current statute compels a result different from that in *Cazenovia College v. Renshaw*.

As now reformulated, section 523(a)(8) recognizes three exceptions to the discharge of indebtedness resulting from the finance of educational expenses. The first two of these exceptions follow the prior text and are recited in subparagraphs (A)(i) and (A)(ii). The language of subparagraph (B) is new. Section 523(a)(8)(A)(i) deals with certain kinds of educational benefit overpayments and loans. In the present instance, D'Youville College makes no claim to any overpayment of an educational benefit. Meanwhile, on the authority of *Cazenovia v. Renshaw*, the obligations of Mrs. Girdlestone do not hold the status of "loans." Section 523(a)(8)(A)(ii) addresses obligations "to repay funds received as an educational benefit, scholarship, or stipend." D'Youville College may have provided services, but the debtor never received any funds that she is now obligated to repay. *See Cazenovia v. Renshaw*, 222 F.3d at 92. Consequently, any claim of non-dischargeability must follow, if at all, from section 523(a)(8)(B).

Section 523(a)(8)(B) of the Bankruptcy Code precludes the discharge of "any other educational loan that is a qualified education loan, as defined in section 221(d)(1) of the Internal Revenue Code of 1986, incurred by a debtor who is an individual." Section 221(d)(1) then defines a "qualified education loan" to mean "any indebtedness" that a taxpayer incurs to pay certain qualified higher education expenses. However, we need not now consider whether the debtor's obligation to D'Youville College might satisfy the Internal Revenue Code's definition of a "qualified education loan." Under the Bankruptcy Code, nondischargeability extends not to any such "qualified education loan,"

but only to "any other educational loan that is a qualified education loan." Thus, section 523(a)(8)(B) will deny discharge to certain types of educational indebtedness, but only if the obligation can satisfy the prerequisite of being a "loan." Because *Cazenovia College v. Renshaw* would deny this status to the claim of D'Youville College, the claim is not excepted from discharge under 11 U.S.C. § 523(a)(8).

We agree with the analysis of Judge Carr in *In re Oliver*, 499 B.R. 716 (Bankr. S.D. Ind. 2013). Courts may not ignore the opening words of 11 U.S.C. § 523(a)(8)(B). "[B]y retaining the phrase 'any other educational loan,' it appears that Congress has not departed from the notion that a 'student loan' excepted from discharge must still be a loan."

For the reasons stated herein, Briget Girdlestone is discharged from her debt to D'Youville College. Accordingly, the plaintiff's motion for summary judgment is denied, and the debtor's cross motion for summary judgment is granted.

So ordered.

Dated: Buffalo, New York     /s/    CARL L. BUCKI
February 10, 2015           Hon. Carl L. Bucki, Chief U.S.B.J.